UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIELA KAPUSTA,**

    **Plaintiff,**

v.                                                                               CASE NO.:  8:20-cv-971-T-24JSS

**CITY OF MADEIRA BEACH,**
A Government Agency,

    **Defendant.**

_____/

**JOINT MOTION FOR APPROVAL
OF FLSA SETTLEMENT AGREEMENT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DANIELA KAPUSTA, (the "Plaintiff"), and Defendant, CITY OF MADEIRA BEACH ("Defendant") ( both parties collectively referred to as the "Parties"), jointly request that this Court approve the Parties' settlement of the above-captioned matter.  Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA") and the Parties seek this Court's approval of the settlement reached.  The Parties' executed Settlement Agreement (the "Settlement Agreement") is attached as **Exhibit "A."**

    **I.**     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and

released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district

> court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d at 1226. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

### II.    Facts and Settlement Terms

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.

A bona fide dispute exists between Plaintiff and Defendant in this case regarding Plaintiff's claims for overtime wages and the alleged damages associated under 29 U.S.C. §§ 201-216. Plaintiff alleges that she was not paid her overtime hours. Plaintiff alleges that she worked through her lunch although it was allegedly deducted. Plaintiff alleges that she was instructed to keep a "secret log" of her hours. Plaintiff also alleges that she was retaliated against for reporting the incident. Defendant vehemently denies all of Plaintiff's allegations in their entirety. Defendant asserts that Plaintiff's overtime and hours were properly paid; and she was not retaliated against. Defendant avers that Plaintiff performed poorly, acquired multiple jobs at the same time and falsified her timesheets. Plaintiff vehemently denies those assertions. Counsels have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendant.

The Parties are mindful of the costs and risks associated with continued litigation. To date, the Parties conducted extensive written discovery, including the exchange of thousands of pages of records and documents. The Parties attended a full day deposition and engaged in numerous settlement negotiations both telephonically and electronically. If this matter were to proceed, the Parties were to engage in multiple additional depositions and motion practice before trial. Plaintiff understands that if this proceeds, it may be difficult to prove entitlement to the alleged damages and the risk of being awarded zero compensation should it be determined that she was in fact paid for all days and hours worked. On the other hand, Defendant is also aware of the costs associated with moving forward with litigation and trial. In light of these risks, the case was resolved by counsel for the Parties for $31,000.00[1], inclusive of attorney's fees and costs. Plaintiff will be receiving $7,250.00 in alleged wage related damages, $7,250.00 for liquidated damages, $2,000.00 as additional consideration for a general release, and $14,500.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action. The amount set aside for attorneys' fees and costs was

---

[1] From this amount, Plaintiff is receiving full relief of her unpaid overtime/wages alleged and the liquidated damages alleged related to her alleged overtime claims/wages.

negotiated separately and without regard to the amount paid to the Plaintiff and is a downward departure from the actual amount of attorneys' fees and costs incurred in this case.

The Parties, through their attorneys, voluntarily agreed to the settlement terms of their settlement during negotiations. All Parties were advised and represented by counsel throughout the litigation and settlement process. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendant, and their respective counsel. The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues and a reasonable means for both Parties to minimize future risks and litigation costs.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties **with prejudice.**

Dated: March 9, 2021

By: **/s/*Kimberly De Arcangelis*** 
Kimberly De Arcangelis, Esq.
Florida Bar No. 025871
kimd@forthepeople.com
Ryan D. Naso, Esquire
Florida Bar No. 1010800
rnaso@forthepeople.com
Morgan & Morgan P.A.
20 N. Orange Avenue, 15th Floor
Orlando, Florida  32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
*Counsel for Plaintiff*

Respectfully submitted,

By: **/s/ *Miriam Brooks***
Miriam Brooks, Esq.
Fla. Bar No.: 0118144
mbrooks@kelleykronenberg.com
Angelo Filippi, Esq.
Fla. Bar No.: 0880851
afilippi@kelleykronenberg.com
KELLEY KRONENBERG, P.A.
10360 West State Road 84
Fort Lauderdale, FL 33324
Ph:     954-370-9970
F:       954-382-1988
*Counsel for Defendant*